AO 245B (Rev. 11/16)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| **WILLIAM PATRICK FLANNIGAN** | Case Number: **0:25-CR-00277-SRN-ECW(1)** |
| | USM Number: **14000-041** |
| | **Manvir K. Atwal** |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒  **Pleaded Guilty to Count One (1) of the Indictment.**

☐  pleaded nolo contendere to count(s) which was accepted by the court.

☐  was found guilty on count(s) after a plea of not guilty.

**The Defendant is adjudicated guilty of these offenses:**

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| **FELON IN POSSESSION OF FIREARMS** <br> In Violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) | May 10, 2025 | One (1) |

**The Defendant is sentenced as provided in pages Two (2) through Six (6) of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.**

☐  The defendant has been found not guilty on count(s)

☐  Count(s) ☐ is ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**Tuesday, June 16, 2026**

Date of Imposition of Judgment

*Susan Richard Nelson*

Signature of Judge

**SUSAN RICHARD NELSON**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**Tuesday, June 16, 2026**
Date

1

AO 245B (Rev. 11/16)  Sheet 2 - Imprisonment

DEFENDANT:          WILLIAM PATRICK FLANNIGAN
CASE NUMBER:        0:25-CR-00277-SRN-ECW(1)

# IMPRISONMENT

**The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>One Hundred Ten (110) Months</u>, to run <u>concurrent</u> with any State sentence imposed in pending cases, specifically Ramsey County Case Nos. 62-CR-245167, 62-CR-245312, 62-CR-253482, 62-CR-253487, and 62-CR-253532.**

☐   The Court makes the following recommendations to the Bureau of Prisons:

☒   **The Defendant is REMANDED to the custody of the United States Marshal.**

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before _____ on _____ . Alternatively, if no facility has been

designated, or if the defendant prefers, the defendant shall surrender to the office of the United States Marshal for this district in Minneapolis, Minnesota by _____ on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

2

AO 245B (Rev. 11/16)  Sheet 3 – Supervised Release

DEFENDANT:          WILLIAM PATRICK FLANNIGAN
CASE NUMBER:        0:25-CR-00277-SRN-ECW(1)

## SUPERVISED RELEASE

**Upon release from imprisonment, the Defendant shall be on Supervised Release for a term of <u>Three (3)</u> <u>Years</u>.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☐  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.  ☒  You must cooperate in the collection of DNA as directed by the Probation Officer. (*check if applicable*)

6.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐  You must participate in an approved program for domestic violence. (*check if applicable*)

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

3

AO 245B (Rev. 11/16)  Sheet 3A – Supervised Release

DEFENDANT:              WILLIAM PATRICK FLANNIGAN
CASE NUMBER:            0:25-CR-00277-SRN-ECW(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature  _____  Date _____

Probation Officer's Signature  _____  Date _____

4

AO 245B (Rev. 11/16)  Sheet 3D – Supervised Release

DEFENDANT:            WILLIAM PATRICK FLANNIGAN
CASE NUMBER:          0:25-CR-00277-SRN-ECW(1)

## SPECIAL CONDITIONS OF SUPERVISION

1.      The Defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

2.      The Defendant shall complete an assessment and/or participate in a program for substance abuse as directed by the Probation Officer.  That program may include testing and inpatient or outpatient treatment, counseling, or a support group.  The Defendant shall execute the requisite release of information forms necessary to facilitate treatment programming, and the Defendant shall abide by all supplemental conditions of programming.

3.      The Defendant shall submit to substance abuse testing as approved and directed by the Probation Officer.

4.      The Defendant shall submit his person, residence, office, vehicle, or an area under the defendant's control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The Defendant shall warn any other residents or third parties that the premises and areas under the Defendant's control may be subject to searches pursuant to this condition.

5.      The Defendant shall participate in a mental health evaluation.  If treatment is recommended, the Defendant shall participate in an approved treatment program and abide by all supplemental conditions of treatment to include medication as prescribed.   Participation may include inpatient/outpatient treatment.

6.      The Defendant must maintain full-time, lawful employment as deemed appropriate by the Probation Officer.  The Defendant must also participate in training, counseling, daily job searching, or other employment-related activities, as directed by the Probation Officer.

AO 245B (Rev. 11/16) Sheet 6 – Schedule of Payments

DEFENDANT:          WILLIAM PATRICK FLANNIGAN
CASE NUMBER:        0:25-CR-00277-SRN-ECW(1)

# SCHEDULE OF PAYMENTS

**Having assessed the Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:**

A  ☒  **Lump sum payment of $ 100.00 due immediately to the Crime Victims Fund.**

    ☐  not later than _____ , or

    ☐  in accordance    ☐  C,    ☐  D,    ☐  E, or    ☐  F below; or

B  ☐  Payment to begin immediately (may be combined with    ☐  C,    ☐  D, or    ☐  F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  **The Defendant shall forfeit the defendant's interest in the following property to the United States: Pursuant to the Preliminary Order of Forfeiture filed in this case (Doc. No. 42)**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.