UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Savanah Hernandez,

Plaintiff,

v.

Christopher Ostroushko, *et al.*,

Defendants.

Court File No. 26-cv-2517 (JMB/DLM)

**MEMORANDUM SUPPORTING DEFENDANTS' MOTION TO STAY**

---

## INTRODUCTION

Seven days after Defendants were indicted on federal charges for allegedly threatening and shoving Plaintiff during a protest at the Whipple Building, Plaintiff filed this civil case. Plaintiff's Complaint makes essentially the same factual allegations as the indictment, and the fact disputes in the criminal case – what happened that day, and why – are the central fact disputes in the civil case. Because the civil and criminal cases overlap almost entirely, litigating them in parallel would force Defendants into a Hobson's choice between asserting their Fifth Amendment rights in the criminal case, and thereby disadvantaging themselves in the civil case, or waiving their Fifth Amendment rights. For this reason alone, a stay is warranted.

Further, the factors that courts consider when deciding a motion to stay weigh in favor of granting Defendants' motion: a stay would avoid unfair burdens on Defendants, result in numerous judicial efficiencies, and serve the public interest in ensuring that

criminal cases are untainted by civil litigation. Weighed against the Plaintiff's generalized interest in avoiding delay, these factors warrant a stay.

For all these reasons, Defendants respectfully request that the Court stay this civil litigation pending final judgment in the parallel criminal case.

## BACKGROUND

On April 28, 2026, Defendants Christopher Ostroushko and Paige Ostroushko were indicted on one felony count each of Interference With Federally Protected Activity (18 U.S.C. § 245(b)(1)(B)) and one count of misdemeanor assault under 18 U.S.C. § 113. Indictment, ECF 1, *U.S. v. Christopher Ostroushko, et. al.*, Case No. 26-cr-00086 (D. Minn., April 28, 2026) (hf. "the Indictment"). Defendant Deyanna Ostroushko was indicted on one count of misdemeanor assault. *Id.* One week later, Plaintiff filed this lawsuit against Defendants alleging claims of battery and assault. ECF 1.

The allegations in the indictment mirror those in Plaintiff's Complaint: namely, that Defendants assaulted Plaintiff during an April 11, 2026, protest at the Whipple Building during Operation Metro Surge. *Compare* ECF 1, ¶¶ 37-58 *with* the Indictment. Essentially, both the Complaint and the Indictment allege that Defendants yelled at, threatened and shoved Plaintiff, who purports to be a journalist, during the protest.

The criminal case against Defendants has proceeded relatively quickly. Pretrial motions are due September 27, 2026, and the motion hearing has been set for October 28, 2026. Second Amended Pretrial Scheduling and Litigation Management Order, ECF 47, *U.S. v. Christopher Ostroushko, et. al.*, Case No. 26-cr-00086 (NEB/JFD) (D. Minn., April

28, 2026). Defendants have not yet answered in the civil case, and discovery has not yet commenced.

## ARGUMENT

### I. LEGAL STANDARD

A federal district court has "the inherent power to stay the proceedings of an action, so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Armstrong v. Mille Lacs Cty. Sheriffs Dept.*, 112 F. Supp.2d 840, 843 (D. Minn. 2000).

"A stay of a civil [matter] until factually related criminal proceedings are concluded is sometimes warranted." *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993); *see United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action[.]").

"[T]o warrant a stay, [the] defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Koester*, 11 F.3d at 823 (citing *Anglada v. Sprague*, 822 F.2d 1035, 1036–37 (11th Cir. 1987) ).

"In making this determination, a Court must consider the particular circumstances, and the competing interests, that are involved in each case." *Fid. Nat'l Title Ins. Co. of New York v. Nat'l Title Res. Corp.*, 980 F. Supp. 1022, 1024 (D. Minn. 1997) (citing *Fed.*

*Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). The factors considered include:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Fid. Nat'l Title Ins. Co. of New York*, 980 F. Supp. at 1024 (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995)).

## II. THE COMPLETE OVERLAP BETWEEN THE CIVIL AND CRIMINAL CASES ALONE JUSTIFIES A STAY.

A stay is warranted when civil and criminal cases substantially overlap, if "effective defense of both the criminal case and th[e] civil suit . . . is impossible." *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 766 (D. Minn. 2018). That is the case here. Defendants cannot protect themselves in the criminal case by asserting their Fifth Amendment rights without simultaneously prejudicing themselves in the civil case. For this reason alone, a stay is warranted. *See In re Adelphia Commc'ns Sec. Litig.,* No. 02-1781, 2003 WL 22358819, at * 3 (E.D.Pa. May 13, 2003) ("The similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether or not to grant a stay.").

## III. THE *KEATING* FACTORS SUPPORT A STAY.

### A. A stay will not prejudice Plaintiff.

Plaintiff shares the same generic interest in avoiding delay as any other plaintiff, but when evaluating this factor under *Keating*, courts consider whether "the plaintiff [can] establish more prejudice than simply a delay in his right to expeditiously pursue his claim." *Whitney Nat'l Bank v. Air Ambulance ex rel. B & C Flight Mgmt., Inc.*, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007) (*quoting In re Adelphia Commcns Sec. Litig.*, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003)).

Plaintiff cannot establish any specific prejudice beyond the delay in expeditiously pursuing her claim. She filed her lawsuit just two weeks after the incident at issue, and thus this case is already proceeding more expeditiously than most civil litigation. Further, because of the overlap between the allegations in the civil and criminal cases against Defendants, there is little to no concern that any discovery Plaintiff may seek will be lost or spoliated. *See Ruszczyk*, 349 F. Supp. 3d at 760 ("Given the substantial overlap between the civil and criminal proceedings, the Court is not concerned that evidence will be lost or made unavailable if this lawsuit, including discovery, were stayed.") Thus, a stay would not prejudice Plaintiff's ability to gather evidence to support her claims.

In short, a stay will not prejudice Plaintiff with anything more than simple delay in pursuit of her claim, and thus this factor is neutral.

**B. The burden on Defendants favors a stay.**

Requiring a defendant to proceed in a civil case while a parallel criminal case is pending burdens a defendant in several ways. First, it imposes the Hobson's choice of deciding whether to invoke or forego the Fifth Amendment right against self-incrimination in the civil case. *Ruszczyk*, 349 F. Supp. 3d at 761 ("Any individual defendant who is forced to respond to discovery will be faced with the choice of whether to claim or waive the privilege against self-incrimination.").

This choice is especially insidious for Defendants because if one or more of them invoke their right against self-incrimination, which is highly likely if not inevitable, the Plaintiff will inevitably use that invocation to prove all Defendants' liability. *Id.* A stay is warranted if necessary to avoid putting Defendants in position where that Hobson's choice is necessary. As the court explained in *Ruszczyk*: "The facts underpinning [defendant's] criminal prosecution are encompassed wholly by the Section 1983 claim brought against him by Plaintiff. Absent a stay [defendant] would be forced to choose between defending himself in the criminal prosecution or this civil lawsuit. [Defendant] should not now be forced to chose between his Fifth Amendment right or effectively forfeiting this lawsuit." *Id.* Here, as in *Ruszczyk*, the facts underpinning the indictment are encompassed wholly by the Complaint. Pushing this civil case forward while the criminal case is pending would force Defendants to choose between defending one or the other.

Compounding these problems, each co-defendant is "burdened by the Fifth Amendment invocation choices faced by their co-defendants because it impedes their ability to engage in discovery and defend themselves." *Id.* Plaintiff's use of one

Defendant's Fifth Amendment invocation to assert liability will necessarily prejudice any other Defendant who chooses not to assert their Fifth Amendment right. Conversely, a Defendant who invokes their Fifth Amendment right will be prejudiced by another Defendant's waiver, all of which potentially raises *Bruton* problems in the criminal case. *E.g., United States v. Martin,* 2002 WL 31426191, at *4 (D. Minn. Oct. 28, 2002), *aff'd in part*, 369 F.3d 1046 (8th Cir. 2004) (requiring severance to resolve *Bruton* issue).

For these reasons, the burden on Defendants of parallel civil and criminal litigation weighs in favor of a stay.

**C. The interest in judicial efficiencies favors a stay.**

Given the substantial overlap between the civil and criminal cases, this factor weighs in favor of a stay. The efficiencies inherent in fully litigating the criminal case first include:

- "avoid[ing] duplication as this Court and the parties would have the benefit of the transcripts and rulings in the criminal action;"
- "the resolution of the criminal case might reduce the scope of discovery in th[is] civil case or otherwise simplify the issues;"
- "discovery produced by the criminal proceeding will likely be relevant to and discoverable for this civil proceeding;"
- "the outcome of [the criminal] prosecution might simplify the parties' positions in this matter, or even resolve some of the liability questions;"
- "absent a stay, discovery may well become bogged down as the Court will be forced to make numerous individual rulings on what will likely be a long series of Fifth Amendment assertions;"

- "motion practice would occur in discovery that may well need to be re-spun following the outcome of [defendants'] criminal trial to gather information inaccessible via Fifth Amendment invocations and to explore anew previous discovery in light of the criminal case's outcome;"

- "[dispositive] motions [may] need not be decided if the criminal proceeding changes the factual and legal landscape of this civil litigation. If anything, the parties may need to reform their pleadings following the criminal proceeding."

*Ruszczyk*, 349 F. Supp. 3d at 763-764 (internal quotations omitted) (citations omitted).

In contrast, litigating the civil and criminal cases in parallel would visit numerous comparable inefficiencies on the Court, not least of which would be significant motion practice regarding Defendants' invocation of their Fifth Amendment rights and Plaintiff's attempt to use those invocations against Defendants at trial.

**D. No third-party interests exist, and thus this factor is neutral.**

There are no third-party interests beyond those of the general public discussed below. Because there are no specific third-party interests in either the civil or criminal litigation, this factor is neutral.

**E. The public interest favors a stay.**

"Courts around the country have recognized that the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant*." State Farm Auto. Ins. Co. v. Healthcare Chiropractic Clinic*, 2016 WL 9307608, at *6 (D. Minn. Apr. 26, 2016) (quoting *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003*)); see also, e.g., SEC v. Nicholas,* 569 F. Supp. 2d 1065, 1072-73 (C.D. Cal. 2008) (finding in that case that the criminal proceedings were of primary importance to the public and to defendants, and

"the civil case, which carries only civil sanctions and monetary penalties, is not of an equally pressing nature"); *Chagolla v. City of Chicago,* 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008) (reasoning that "the public has an interest in ensuring that the criminal process can proceed untainted by civil litigation"); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 452 (S.D. Ind. 2003) ("The public also has an important interest in a potential, untainted criminal prosecution."). In short, allowing Defendants' criminal case to proceed without needless disruption presented by the obligations of a civil case would further the public interest.

Further, there is "an important public interest in having . . . issue[s] decided on the basis of a full factual record." *Noor*, 349 F. Supp. 3d at 765 (quoting *Edwards v. Atrium Vill.*, 127 F.R.D. 494, 499 (N.D. Ill. 1989)). This important public interest would be vitiated if the civil case were to proceed insofar as the invocation of privilege could result in incomplete and distorted discovery.

For these reasons, the public interest favors a stay.

## **CONCLUSION**

For the above-stated reasons, Defendants respectfully request that the Court grant their motion to stay this case pending final judgment in their criminal case, Case No. 26-cr-00086 (NEB/JFD).

Respectfully submitted,

Dated: September 21, 2026

*/s/ Kevin C. Riach*
Kevin C. Riach (#0389277)
**LAW OFFICE OF KEVIN C. RIACH**
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Telephone: 612.203.8555
kevin@riachdefense.com
*Attorney for Defendants*