# EXHIBIT 3

| **State of Minnesota** | **District Court** |
|---|---|
| County of: Hennepin | Judicial District: Fourth |
| | Court File Number: 27-HA-CV-26-1116 |
| | Case Type: Harassment |

In the Matter of:

Christopher Ostroushko
Petitioner (first, middle, last)

☐ On behalf of:
Other persons needing protection (first, middle, last)

# Petition for Harassment Restraining Order

Minn. Stat. § 609.748

☒ and for her/himself
vs.

Savanah Hernandez
Respondent (first, middle, last)

1. **Petitioner Information** (You)

Name: (first, middle, last) Christopher Ostroushko

Date of birth: (month/day/year): [redacted]

Gender: ☒ Male ☐ Female

*Address:*

☒ I am requesting that my **address** be kept confidential by submitting the completed *Confidential Address/Phone Request* form (HAR104) to the court.

**OR**

☐ I am not requesting that my address be kept confidential. My address is:

My Address: ______________________

City, State, Zip Code: ______________________

*Phone Number:*

☒ I am requesting that my **phone number** be kept confidential by submitting the completed *Confidential Address/Phone Request* form (HAR104) to the court.

**OR**

☐ I am not requesting that my phone number be kept confidential. My phone number is:

Telephone: ______________________

**2. Email Notification of Service**

**By providing my email address below, I ask to be notified by email when the respondent is served with the Harassment Restraining Order** (HRO). I understand that:

- This is the only email I will receive from the court about the HRO unless I have signed up to receive other court notices via email,
- It will only be possible for the court to notify me by email when service information is received by the court,
- A technical or other error could occur preventing the successful delivery of the email,
- I have other options to learn of the service of the HRO on the respondent, including contacting law enforcement directly, and
- I must provide a valid email address in order to receive this notification of service.

THIS EMAIL ADDRESS WILL BE SEEN BY THE RESPONDENT:

Email address: [redacted]

**3. Who needs protection?**

☒ Me (Petitioner)

☐ My minor children

☐ A person for whom I am appointed the legal guardian (attach Guardianship Order)

For anyone you checked above, other than yourself, please fill out the following:

| Name (first, middle, last) | Gender | Date of Birth | Lives with you? |
|---|---|---|---|
| | ☐ M ☐ F | | ☐ Yes ☐ No |
| | ☐ M ☐ F | | ☐ Yes ☐ No |
| | ☐ M ☐ F | | ☐ Yes ☐ No |
| | ☐ M ☐ F | | ☐ Yes ☐ No |
| | ☐ M ☐ F | | ☐ Yes ☐ No |
| | ☐ M ☐ F | | ☐ Yes ☐ No |

4. **Respondent Information:** (Person you want protection from)

Name: (first, middle, last) Savanah Hernandez

Address: [redacted]

City, State, Zip Code [redacted]

Telephone: [redacted]

Race: Asian/Pacific Islander Gender ☐ Male ☒ Female

Date of birth: ________ If unknown, age or approximate age 29

(Respondent's race, gender, and date of birth or approximate age are required for reporting requirements.)

Answer these questions ***only if*** Respondent is younger than 18:
Respondent's parent's or guardian's name:

______________________________

Parent or guardian address:

______________________________

> If Respondent is under 18 years old, service must be made on Respondent ***and*** Respondent's parent or guardian.

5. What are the relationship(s) between the respondent and the people who need protection? Check all that apply.
   - ☐ Married
   - ☐ Divorced
   - ☐ Currently living together
   - ☐ Lived together in the past
   - ☐ Have a child together
   - ☐ Have an unborn child together
   - ☐ Parent/Child
   - ☒ Other/None of the above. Please explain:
     On April 11, 2026, I met Respondent once in person at a peaceful demonstration near the Whipple Federal Building. She is a known agitator for Turning Point USA. At that time I did not know Respondent personally.

## OTHER COURT CASES

6. a) How many restraining orders have been in effect, ordering Respondent to stay away from each person you included at #3 above? ☐ none ☐ one ☒ two or more. For each restraining order provide:

| Court File Number, if known | County and State where the court is located |
|---|---|
| Case No. 27HACV26853 | Hennepin County |

| Case No. 70CV265953 | Scott County, MN |
|---|---|
| | |

b) Does Respondent have a current Harassment Restraining Order or Order for Protection against you?

☐ Yes, Case File Number (if known)____________________ ☒ No, I am not aware of any.

7. The following court cases involve me and the Respondent in issues of child custody or parenting time:

| Court File Number | County and State where the court is located |
|---|---|
| | |
| | |
| | |

## ACTS OF HARASSMENT

8. Respondent has harassed the victim(s) (the person or persons listed in #3 above) as follows:
   - Check all boxes that apply and give the date and details of each incident. If the exact date is not known, provide a date range.
   - To get a HRO, you must describe actions that meet the legal definition of harassment in Minnesota. See the *Instructions* (HAR101) for the definition of harassment.
   - If you need more space, include additional pages and continue your description there. If filing on paper, do not write on the back of any page.

☐ a. Respondent physically or sexually assaulted the victim as follows:
Date (date range): ______________________________________________

☐ b. Respondent has followed, monitored, or pursued the victim as follows:
Date (date range): ______________________________

☐ c. Respondent made uninvited visits to the victim as follows:
Date (date range): ______________________________

☐ d. Respondent made harassing phone calls or sent harassing text messages to the victim as follows:
Date (date range): ______________________________

☐ e. Respondent made threats to the victim as follows:
Date (date range): ______________________________

☐ f. Respondent frightened the victim with threatening behavior as follows:
Date (date range): ______________________________

☐ g. Respondent broke into and entered the victim's residence as follows:
Date (date range): ______

☐ h. Respondent damaged the victim's property as follows:
Date (date range): ______

☐ i. Respondent stole property from the victim as follows:
Date (date range): ______

☐ j. Respondent took pictures of the victim without permission as follows:
Date (date range): ______

☐ k. Respondent shared private sexual images of the victim without permission as follows:
Date (date range): ______

☐ l. Respondent used the victim's personal information, without consent, to invite, encourage, or solicit a third party to engage in a sexual act with the victim as follows:
Date (date range): ______________________________

☐ m. More than once, Respondent has done acts that meet the legal definition of "targeted residential picketing" by:
Date (date range): ______________________________

☒ n. The Respondent has been told not to come to certain public events that the victim attends because:

After that, Respondent attended public events that the victim attended: (List dates, places and name of events)

These acts by Respondent show a pattern of attending public events while knowing that attending is harassing to the victim.

☒ o. Respondent used social media to harass the victim by:
Date (date range): April 11th, 2026
See attachment to Petition – Acts of Harassment

Filed in District Court
State of Minnesota
5/13/2026 5:23 PM

☒ p. Other:

Date (date range): April 11th 2026.

See attachment to Petition – Acts of Harassment

9. Describe the effect the harassment has upon the victim's safety, security or privacy:

Respondent's repeated and intentional course of conduct—including publishing private information, promoting false and defamatory statements, and organizing or encouraging her followers to harass, threaten, and intimidate—meets the statutory elements of harassment under Minn. Stat. § 609.748: a course of conduct that intentionally or knowingly causes substantial emotional distress to the Petitioner and serves no legitimate purpose for me and my family ( DeYanna and Paige Ostroushko ( HRO granted and served)

10. Do you believe the harassment will continue? ☒ Yes ☐ No Why?

I am asking the Court immediately issue an ex parte Harassment Restraining Order under Minn. Stat. § 609.748 because, of since April 11, the harassment and doxxing campaign against me and my family has continued without interruption. Every time Respondent posts on social media, her 1,000,000 followers become mobilized and my family and I immediately begin receiving renewed waves of harassing phone calls, threatening messages, and harassing emails. Because our personal information was exposed online by Respondent and her followers, these campaigns repeatedly revive and escalate the threats against us. For these reasons, and because of the real and ongoing threat to the safety of my wife DeYanna Ostroushko, my daughter Paige, and myself, I reasonably fear that Respondent or persons influenced by Respondent will continue to engage in conduct that endangers us unless the Court issues a Harassment Restraining Order. My family and I have been subjected to this harassment for over 30 days and need immediate injunctive relief to stop the ongoing harm.

11. I ask the Court to issue a HRO as follows:

☒ a. Respondent shall not harass:

☒ me

☐ minor children for whom I am the parent, legal guardian, or stepparent

☐ an adult ward for whom I am the legal guardian

☒ b. Respondent shall have no contact with ☒ me ☐ the minor children ☐ an adult ward listed in #3 above.

☒ c. Respondent shall stay away from where I/we live (when the Respondent knows or becomes aware of the address):

i. ☒ My address is confidential [the Court cannot order Respondent to stay away from a specific address when the Respondent doesn't know that address]

OR

My home address: ____________________________________________

☐ A reasonable distance or area surrounding my home, specifically as follows:

Except as follows:

ii. ☐ The home of______________________________*[protected person(s)]*.

☐ The address is confidential

OR

☐ The home address at:____________________________________________

☐ A reasonable distance or area surrounding this home, specifically as follows:

Except as follows:

☐ d. Order the Respondent not to call or enter ☐ Petitioner's ☐________________'s workplace including all land, parking lots and buildings at:

Employer Name: ______________________________________________

Address: ______________________________________________

Except as follows:

Is there another workplace? ☐ Yes ☐ No

If **Yes**:

Employer Name: ______________________________________________

Address:______________________________________________

Except as follows:

☒ e. Other:

I request the Court order that Respondent, Savanah Hernandez, and any members of her family be prohibited from entering Scott County, Minnesota, where my home is located.
I request the Court order that Respondent be prohibited from entering the Whipple Federal Building and from coming within two miles of me, my home, my workplace, my vehicle, or any location where my family is present.
I request the Court order that Respondent and any accounts or platforms she controls not post about,

**COURT HEARING**

Petitioner: Read these Notices about a Hearing.

- You have a right to request a court hearing. **Respondent will be served a copy of this Petition if there is a hearing.**
- If the judicial officer dismisses your case because it has no merit, no hearing will be held.
- The judicial officer can issue a HRO *without* a court hearing if the judicial officer finds there is immediate and present danger of harassment.
- If the judicial officer issues a HRO without a hearing, the Respondent can request a hearing within 20 days of the date the Petition is served. If Respondent requests a hearing, the court will notify you by mail at least five days before the hearing date.
- If there is a hearing, you must attend the hearing and prove that the statements in your Petition are true, and that Respondent's actions are harassment, as defined by Minnesota law.

12. *Choose a. or b.*

☐ a. I am not requesting a court hearing at this time. But if the court denies my request for a HRO because the court finds there is no immediate and present danger of harassment, then ☐ I want ☐ I don't want a court hearing.

OR

☒ b. I am requesting a court hearing.

13. I request a HRO for a length of:

☐ Until the following date:____________________, which is less than 2 years from today.

☒ 2 years

☐ Up to 50 years because:

☐ I have two or more prior restraining orders against Respondent (listed at #6 above.)

☐ Respondent has violated a prior or existing restraining order between us on two or more occasions.

**I understand the court will likely schedule a court hearing for any request over 2 years.**

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.

Dated: 5/13/2026

/s/ Chris Ostroushko
Signature

Scott County, Minnesota
County and state where signed

Name Christopher Ostroushko
(If you have asked to keep your address and/or phone number confidential, do not include it here)
Address____________________
City/State/Zip____________________
Telephone____________________
E-mail address: [redacted]

***Notice**: If your address or telephone changes, you must give Court Administration your new information right away, in writing.*

27-HA-CV-26-1116
Filed in District Court
State of Minnesota
5/13/2026 5:23 PM

## Attachment to Petition – Acts of Harassment

***Continued from Question #8(o)***

Respondent used social media to harass the victim by:

Petition for a Harassment Restraining Order under Minn. Stat. § 609.748

On April 11, 2026, I met Respondent once in person at a peaceful protest near the Whipple Federal Building. At that time I did not know Respondent, Savanah personally. Respondent is a wellknown agitator affiliated with Turning Point USA who attends public events to provoke reactions, then posts selectively edited, slanderous, and defamatory content intended to harm a person's reputation and cause emotional and financial injury, including by doxxing.

While at that public location, Respondent assaulted my wife, DeYanna Ostroushko, and my daughter, Paige Ostroushko. Respondent was escorted from the scene by police. After returning to her hotel, Respondent posted selectively edited footage from her perspective on social media that omitted material context and the full facts of what occurred, portraying herself as the victim.

Respondent has a large socialmedia following (in excess of one million followers). After posting the edited footage, Respondent initiated or actively encouraged a coordinated doxxing and smear campaign against me and my family. As part of that campaign, Respondent and her followers posted and circulated our private information—including our home address, phone numbers, places of employment, our family business, and other identifying details.

As a direct result of Respondent's posts and the harassment campaign she incited, my family and I have received thousands of harassing and threatening phone calls, emails, text messages, and socialmedia comments. Many of these communications contained explicit death threats and threats of sexual violence and arson, including statements that people were coming to kill me, mutilate me, burn down our house, and sexually assault my wife and daughter. Someone has distributed defamatory, slanderous flyers in our neighborhood identifying where we live and intended to harass my family and me. I can provide copies of the flyers as evidence.

All threatening calls and messages have been reported to law enforcement and documented; we continue to receive threatening communications to this day.

The harassment and doxxing campaign has caused substantial and ongoing harm to my family: my wife and I have lost approximately $300,000 in employment income as a direct consequence of the false and defamatory campaign; my daughter Paige has been unable to return to college due to threats and harassment and is at risk of disciplinary action based on false statements; and my family's sense of safety and ability to live in our community has been severely damaged.

Harassment restraining orders were previously sought, granted, and served against Respondent on behalf of my wife, DeYanna Ostroushko (Case No. 27HACV26853), and my daughter, Paige Ostroushko (Case No. 70CV265953); those orders were served on May 8 and May 13, respectively.

Respondent's repeated and intentional course of conduct—including publishing private information, promoting false and defamatory statements, and organizing or encouraging her followers to harass, threaten, and intimidate—meets the statutory elements of harassment under Minn. Stat. § 609.748: a course of conduct that intentionally or knowingly causes substantial emotional

27-HA-CV-26-1116
Filed in District Court
State of Minnesota
5/13/2026 5:23 PM

**Attachment to Petition – Acts of Harassment**

***Continued from Question #8(o)***

Respondent used social media to harass the victim by:

distress to me and my family and serves no legitimate purpose.

Because of the ongoing nature of the harassment and the real threat to the safety of my wife, DeYanna, my daughter, Paige, and myself, I reasonably fear that Respondent or persons influenced by Respondent will continue to engage in conduct that endangers us unless the Court issues a Harassment Restraining Order. We fear for our lives and safety. This has been traumatizing for me and my family.

## Attachment to Petition – Acts of Harassment

### *Continued from Question #8(p)*

Other acts of harassment:

Petition for a Harassment Restraining Order under Minn. Stat. § 609.748

On April 11, 2026, I met Respondent once in person at a peaceful protest near the Whipple Federal Building. At that time I did not know Respondent, Savanah personally. Respondent is a wellknown agitator affiliated with Turning Point USA who attends public events to provoke reactions, then posts selectively edited, slanderous, and defamatory content intended to harm a person's reputation and cause emotional and financial injury, including by doxxing.

While at that public location, Respondent assaulted my wife, DeYanna Ostroushko, and my daughter, Paige Ostroushko. Respondent was escorted from the scene by police. After returning to her hotel, Respondent posted selectively edited footage from her perspective on social media that omitted material context and the full facts of what occurred, portraying herself as the victim.

Respondent has a large socialmedia following (in excess of one million followers). After posting the edited footage, Respondent initiated or actively encouraged a coordinated doxxing and smear campaign against me and my family. As part of that campaign, Respondent and her followers posted and circulated our private information—including our home address, phone numbers, places of employment, our family business, and other identifying details.

As a direct result of Respondent's posts and the harassment campaign she incited, my family and I have received thousands of harassing and threatening phone calls, emails, text messages, and socialmedia comments. Many of these communications contained explicit death threats and threats of sexual violence and arson, including statements that people were coming to kill me, mutilate me, burn down our house, and sexually assault my wife and daughter. Someone has distributed defamatory, slanderous flyers in our neighborhood identifying where we live and intended to harass my family and me. I can provide copies of the flyers as evidence.

All threatening calls and messages have been reported to law enforcement and documented; we continue to receive threatening communications to this day.

The harassment and doxxing campaign has caused substantial and ongoing harm to my family: my wife and I have lost approximately $300,000 in employment income as a direct consequence of the false and defamatory campaign; my daughter Paige has been unable to return to college due to threats and harassment and is at risk of disciplinary action based on false statements; and my family's sense of safety and ability to live in our community has been severely damaged.

Harassment restraining orders were previously sought, granted, and served against Respondent on behalf of my wife, DeYanna Ostroushko (Case No. 27HACV26853), and my daughter, Paige Ostroushko (Case No. 70CV265953); those orders were served on May 8 and May 13, respectively.

Respondent's repeated and intentional course of conduct—including publishing private information, promoting false and defamatory statements, and organizing or encouraging her followers to harass, threaten, and intimidate—meets the statutory elements of harassment under Minn. Stat. § 609.748: a course of conduct that intentionally or knowingly causes substantial emotional

**Attachment to Petition – Acts of Harassment**

***Continued from Question #8(p)***

Other acts of harassment:

distress to me and my family and serves no legitimate purpose.

Because of the ongoing nature of the harassment and the real threat to the safety of my wife, DeYanna, my daughter, Paige, and myself, I reasonably fear that Respondent or persons influenced by Respondent will continue to engage in conduct that endangers us unless the Court issues a Harassment Restraining Order. We fear for our lives and safety. This has been traumatizing for me and my family.