# EXHIBIT 5

STATE OF MINNESOTA DISTRICT COURT

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

Court File No. 27-HA-CV-26-1116
Case type: Harassment

Christopher Ostroushko vs Savanah Hernandez

**Order for Dismissal**

This matter came on for a Zoom evidentiary hearing before the Honorable Referee Naomi S. Garfinkel, on June 25, 2026. Petitioner appeared and was represented by James Cook, Esq., and Trisha Pohland, Esq. Respondent appeared and was represented by Jesse Franklin-Murdoch, Esq., and Elizabeth Nielsen, Esq.

Based on all of the files, records, and proceedings the Court makes the following:

**<u>FINDINGS OF FACT</u>**

1. The first and only time the parties encountered one another in-person was on April 11, 2026, at an anti-ICE event held outside the Whipple building in Minneapolis. Petitioner, along with his wife and daughter, were there to protest ICE activity in the city. Respondent is an out of state social media influencer who was at the event to create content for Turning Point USA. Eventually, a scuffle broke out between Respondent and Petitioner's daughter, at which point Petitioner and his wife intervened.

2. Petitioner alleges that Respondent assaulted his wife and daughter, posted highly edited clips of those assaults on social media to make him and his family look like the aggressors, and then "doxed" them, by providing information about the family online. Petitioner testified that his family's home address, personal phone numbers, and employment information were released to the public, leading to a cascade of escalating harassment including repeated phone calls, death threats, and their eventual termination from employment. Respondent denies releasing Petitioner and his family's personal information and denies assaulting Petitioner's wife and daughter. Instead, Respondent asserts she was the victim and was simply there to document a protest event.

3. Harassment is defined by Minn. Stat. §609.748 and includes repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another, regardless of the relationship between the actor and the intended target.

4. Merely argumentative or inappropriate comments are insufficient to sustain a harassment restraining order. *Witchell v. Witchell,* 606N.W.2d 730, 732 (Minn. App. 2000). Thus, the language of the statute is directed against constitutionally unprotected "fighting words" likely to cause the average addressee to fight or protect one's own safety, security, or privacy; "true threats" evidencing an intent to commit an act of unlawful violence against one's safety, security or privacy; and speech or conduct that is intended to have a substantial adverse effect, i.e., is in violation of one's right to privacy…" *Dunham v. Roer*, 708 N.W.2d 552, 566 (Minn. App. 2006).

5. Overall, the Court found credible Petitioner's allegations that he and his family are receiving intense harassment from a myriad of third parties following the release of footage from the April incident. It goes without saying that this is deeply troubling and should not be occurring. Petitioner and his family have clearly been harmed by this harassment in significant and ongoing ways. However, it is not clear that Respondent specifically released Petitioner's private information or encouraged her followers to harass Petitioner and his family.

6. After the April event, both parties took to media and shared their version of what transpired. While Respondent has played some part in the harassment Petitioner has received, without more concrete evidence that Respondent is responsible for the release of the Petitioner's information or that she directly encouraged the harassment against the family, the Court cannot find that Petitioner has met his burden of demonstrating that a harassment restraining order should issue.

**IT IS ORDERED:**

1. The Petition for a Harassment Restraining Order is dismissed, and the Harassment Restraining Order dated May 14, 2026, is hereby vacated.

Dated: 6/29/2026

___________________________________
Referee of District Court

Dated: 6/29/2026

___________________________________
Judge of District Court