# EXHIBIT 6

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

Court File No. 27-HA-CV-26-853
Case type: Harassment

DeYanna Ostroushko vs Savanah Hernandez

**Order for Dismissal**

This matter came on for a Zoom evidentiary hearing before the Honorable Referee Naomi S. Garfinkel, on June 25, 2026. Petitioner appeared and was represented by James Cook, Esq., and Trisha Pohland, Esq. Respondent appeared and was represented by Jesse Franklin-Murdoch, Esq., and Elizabeth Nielsen, Esq.

Based on all of the files, records, and proceedings the Court makes the following:

## FINDINGS OF FACT

1. The first and only time the parties encountered one another in-person was on April 11, 2026, at an anti-ICE event held outside the Whipple building in Minneapolis. Petitioner, along with her husband and daughter, was there to protest ICE activity in the city. Respondent is an out of state social media influencer who was at the event to create content for Turning Point USA. Eventually, a scuffle broke out between Respondent and Petitioner's daughter, at which point Petitioner and her husband intervened.

2. Petitioner alleges that Respondent assaulted her and her daughter, posted edited clips of that interaction on social media to make her and her family look like the aggressors, and then "doxed" them, by providing contact information about the family online. Petitioner testified that her family's home address, personal phone numbers, and employment information was released to the public, leading to a cascade of escalating harassment including death threats, repeated phone calls, and their eventual termination from their work. Respondent denies releasing Petitioner's personal information and denies assaulting Petitioner or her daughter. Instead, Respondent asserts she was the victim and was simply there to document the protest.

3. Harassment is defined by Minn. Stat. §609.748 and includes 1) a single incident of physical or sexual assault as well as 2) repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another, regardless of the relationship between the actor and the intended target.

4. Merely argumentative or inappropriate comments are insufficient to sustain a harassment restraining order. *Witchell v. Witchell,* 606N.W.2d 730, 732 (Minn. App. 2000). Thus, the language of the statute is directed against constitutionally unprotected "fighting words" likely to cause the average addressee to fight or protect one's own safety, security, or privacy; "true threats" evidencing an intent to commit an act of unlawful violence against one's safety, security or privacy; and speech or conduct that is intended to have a substantial adverse effect, i.e., is in violation of one's right to privacy…" *Dunham v. Roer*, 708 N.W.2d 552, 566 (Minn. App. 2006).

5. At trial, the Court watched multiple videos of the physical assaults from various angles, most of which showed Respondent's interactions with Petitioner's daughter, who is not at issue in this matter. Ultimately, the videos demonstrate a chaotic scene in which tensions were high on all sides. It is unclear who started the physical altercation and who was acting in self-defense. Given the chaotic nature of the scuffle, the Court cannot find that a physical assault occurred such that a harassment restraining order should issue.

6. Overall, the Court found credible Petitioner's allegations that she and her family are receiving intense harassment from a myriad of third parties following the release of footage from the April incident. It goes without saying that this is deeply troubling and should not be taking place. Petitioner and her family have clearly been harmed by this harassment in significant and ongoing ways.

7. However, the record does not reflect that Respondent specifically released Petitioner's private information or encouraged her followers to harass Petitioner and her family. Both sides have been vocal about what occurred and have promoted their version of the events on various media platforms. Respondent has a large social media following and it appears her followers have engaged with Petitioner and her family online in aggressive ways. However, the record does not reflect that Respondent released Petitioner's personal information or that she directly encouraged the harassment against Petitioner and her family. As such, the Court cannot find that Petitioner has met her burden of demonstrating that a harassment restraining order should issue.

Based upon the foregoing,

**IT IS ORDERED:**

1. The Petition for a Harassment Restraining Order is dismissed, and the Harassment Restraining Order dated April 20, 2026, is hereby vacated.

Dated: 6/29/2026

__________________________________

Referee of District Court

Dated: 6/29/2026

____________________________________
Judge of District Court